**IMG-235**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2374
_____

HARRY PALANDI,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A079 708 110
Immigration Judges:  William K. Strasser and David W. Crosland

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 9, 2010

Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: June 11, 2010)
_____

OPINION
_____

PER CURIAM

Harry Palandi petitions for review of an order of the Board of Immigration

Appeals ("BIA"), which dismissed his appeal from an Immigration Judge's ("IJ") final

removal order.  We will deny the petition for review.

Palandi, a native and citizen of Indonesia, applied for: (1) asylum; (2) withholding of removal; and (3) relief under the Convention Against Torture (the "CAT"), claiming that he was persecuted in the past, and that he was in fear of future persecution, on the basis of his Chinese ethnicity and Christian religion. In a June 21, 2006 decision, the IJ found that his asylum application was untimely filed. The IJ also concluded that he did not meet his burden of proof for withholding of removal, or relief under the CAT. After a series of procedural problems not at issue here, the BIA issued an order on April 13, 2009, affirming the IJ's removal order. A.R. 3-6. Palandi filed a timely petition for review of that order.

Palandi raises four issues. He contends: (1) that the IJ applied the wrong standard in concluding that Palandi was ineligible for withholding of removal; (2) that the BIA's decision amounts to an affirmance without opinion, since the decision contains little more than a summary recitation of the IJ's analysis; (3) that the IJ did not adequately analyze the Country Conditions and Human Rights Practices Report; and (4) that because Palandi testified about prior instances of persecution, he was entitled to a presumption that it was likely that he would be persecuted in the future if he were to return to Indonesia. We agree with the Government that Palandi failed to raise issues (1), (3), and (4), in either his Notice of Appeal to the BIA, or his brief to the BIA. See A.R. 87-89 (Notice of appeal); A.R. 30-36 (brief). Because Palandi failed to exhaust his administrative remedies as to these arguments, we therefore lack jurisdiction to consider them. 8 U.S.C. § 1252(d)(1).

2

Because issue (2) concerns the manner in which the BIA rendered its decision, Palandi could not raise the issue in his appeal to the BIA; however, we find the argument without merit. The BIA did not issue an affirmance without opinion; the BIA explained its decision in several paragraphs. Further, we have held that an affirmance without opinion does not violate an alien's Due Process rights. Dia v. Ashcroft, 353 F.3d 228, 238 (3d Cir. 2003) (en banc).

To the extent Palandi's brief may be generously construed as challenging, in general, the denial of withholding of removal, we find that substantial evidence supports the BIA's finding that Palandi did not show he would face a clear probability of persecution if he returns to Indonesia.[1] To be eligible for withholding of removal, Palandi was required to demonstrate that "there is a greater-than-fifty-percent chance of persecution" in Indonesia based on one of the protected grounds. Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998); see also 8 U.S.C. § 1231(b)(3)(C). If an alien proves past persecution, a rebuttable presumption of future persecution is created. Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008).

The incidents Palandi described do not rise to the level of past persecution.

---

[1] Palandi makes no mention of the IJ's decision to pretermit his asylum application, and in any event, this Court lacks jurisdiction to review the IJ's determination that Palandi's asylum application was not timely filed. See 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). Palandi's brief also lacks any reference to the denial of relief under the CAT. Accordingly, the claim has been waived. Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004).

Palandi was once punched on a public bus, allegedly due to his Chinese heritage, and his church was once closed due to a bomb threat.[2] These incidents, however, do not constitute persecution. Nor does Palandi's testimony that he saw a burned corpse in the street during the 1998 anti-Chinese riots or that his grandmother, who lives in Indonesia, receives threatening letters. See Fatin v. INS, 12 F.3d 1233, 1243 (3d Cir. 1993) ("'persecution' is an extreme concept that does not include every sort of treatment our society regards as offensive"). Indeed, as the BIA noted, Palandi's mother and grandmother continue to live in Indonesia unharmed.

Palandi appears to argue that conditions in Indonesia present a problem to Chinese Christians in general. However, this Court has declined to find a pattern or practice of persecution of ethnic Chinese Christians in Indonesia and has stated that the 2005 through 2007 State Department reports show improved treatment of that group. Wong v. Att'y Gen., 539 F.3d 225, 234 (3d Cir. 2008).

For the foregoing reasons, we will deny the petition for review.

---

[2] Petitioner's brief states that "his church had a bomb planted in it," Pet. Br. at 3, but the record does not reflect that there actually was a bomb in the church. See A.R. 135 ("The church was closed down because [sic] the bomb threat.")

4